IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ANTHONY RICHARD FIELDS as the next of kin of Anthony Richard Fields, II,<br><br>Plaintiff,<br><br>v.<br><br>Deputy ROBERT LUKE WILSON, in his individual capacity,<br><br>Defendant. | Civil Action File No.<br><br>JURY TRIAL DEMANDED |

COMPLAINT

COMES NOW Plaintiff, Anthony Richard Fields as the next of kin of Anthony Richard Fields, II (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files this Complaint against Defendants Deputy Robert Luke Wilson, in his individual capacity (hereinafter "Defendant Wilson").

JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claim under the U.S. Constitution, which is brought both directly and under 42 U.S.C. § 1983.

1

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

4.

At all times relevant hereto, Plaintiff Anthony Richard Fields as the next of kin of Anthony Richard Fields, II , resides in the State of Georgia and is a citizen of the United States of America.

5.

At all times relevant hereto, Defendant Robert Luke Wilson was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by Coweta County Sheriff Office. Defendant Wilson is sued in his individual capacity.

## FACTUAL ALLEGATIONS

6.

On August 25, 2023, Anthony Richard Fields, II was involved in a police pursuit stemming for a traffic violation with several Coweta County Sheriff Office Deputies and Newnan Police Department Officers, which included Defendant Wilson.

7.

The police pursuit ended on Herring Road near Palomino Drive in Newnan, Coweta County, Georgia when Defendant Wilson struck Anthony R. Fields, II vehicle head-on disabling his vehicle. Thereafter, Investigator Will Faulkner of Coweta County Sheriff's Office blocked the rear of Anthony's vehicle and Deputy Eric Minix of Coweta County Sheriff's Office blocked the right passenger side of Anthony's vehicle – completely boxing Anthony in.

8.

Anthony exited his vehicle and proceeded to flee from the scene.

9.

During the course of Anthony's escape, he was shot several times by responding officers. However, while Anthony was face down on the ground, not posing an immediate threat to any officers or others, Anthony was shot three (3) additional times by Defendant Wilson.

10.

Anthony Richard Fields, II died on the scene.

11.

At all times relevant, Defendant Wilson was acting under color of state law in his capacity as a law enforcement officer employed by the Coweta County Sheriff's Office.

12.

Defendant Wilson acted with actual malice at the time in which he employed his service weapon killing Mr. Fields.

CLAIMS FOR RELIEF

**FIRST CLAIM OF RELIEF**
**42 U.S.C. § 1983 –**
**Excessive Force in violation of the Fourth Amendment**

13.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint,

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in

equity, or other appropriate proceeding for redress….

14.

The decease, Anthony Richard Fields, II in this action was a citizen of the United States and Defendant Wilson are persons for purposes of 42 U.S.C. § 1983.

15.

Defendant Wilson at all times relevant hereto was acting under the color of state law in his capacity as a deputy of Coweta County Sheriff's Office and his acts or omissions were conducted within the scope of his official duties or employment.

16.

At the time of the complained of events, Anthony Richard Fields, II had a clearly established constitutional right under the Fourth to be secure in his person from unreasonable seizure through excessive force.

17.

Anthony Richard Fields, II also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

18.

Any reasonable deputy of Coweta County Sheriff's Office knew or should

have known of these rights at the time of the complained of conduct as they were clearly established at that time.

19.

Defendant Wilson's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated the Fourth Amendments rights of Anthony Richard Fields, II.

20.

Defendant Wilson's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Anthony Richard Fields, II's federally protected rights. The force used by Defendant Wilson shocks the conscience and violated the Fourth Amendment rights of Anthony Richard Fields, II.

21.

Defendant Wilson unlawfully seized Anthony Richard Fields, II by means of objectively unreasonable, excessive and conscious shocking physical force.

22.

The force used by Defendant Wilson while shooting Anthony Richard Fields, II three (3) times while he was face down on the ground and no

immediate threat to officers or other constitutes as deadly force pursuant to clearly establish law for the United States Eleventh Circuit Court of Appeals.

23.

In spite of Defendant Wilson knowing Anthony Richard Fields, II was not a threat to officers or others and was positioned face down on the ground, Defendant Wilson indiscriminately shot Anthony three (3) time with the intent of reckless and wanton disregard for Anthony's constitutional rights .

24.

Defendant Wilson actions and conduct were shocking and with willful indifference to Anthony Richard Fields, II's rights and with conscious awareness that it could cause Anthony serious bodily harm or death.

25.

Defendant Wilson engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Anthony Richard Fields, II's federally protected constitutional rights.

26.

The acts or omissions of Defendant Wilson were the moving forces behind Anthony Richard Fields, II's injuries. The acts or omissions of the Defendants as described herein intentionally deprived Plaintiff Anthony Richard Fields, II of her constitutional rights and caused his death. Defendant

Wilson is not entitled to qualified immunity for their actions.

27.

As a proximate result of Defendant Wilson's unlawful conduct, Anthony Richard Fields, II was killed. As a further result of Defendant Wilson's unlawful conduct, Anthony Richard Fields, II incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

28.

On information and belief, Anthony Richard Fields, II suffered lost future earnings not yet fully ascertained sequelae of his death, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

29.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against named Defendant under 42 U.S.C. § 1983, in that the actions of the Defendant has been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Anthony Richard Fields, II.

30.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM OF RELIEF
### State Claim – Assault and Battery

31.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint.

32.

Defendant Wilson's actions against Anthony Richard Fields, II were unreasonable and excessive force. At the time Anthony Richard Fields, II was shot by Defendant Wilson, while he was faced down on the ground not posing an immediate threat to officers or others. Defendant Wilson acted with a depraved indifference to human life and a conscious disregard to Anthony Richards Fields, II's constitutionally protected rights, welfare, and safety which constituted an intentional

unwelcome and unprivileged touching of Anthony Richard Fields, II, and was undertaken in bad faith and with actual malice.

33.

A reasonable person in Anthony Richard Fields, II's situation would have been offended by the touching.

34.

The conduct of Defendant Wilson caused Anthony Richard Fields, II to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, and further damages according to proof at the time of trial.

35.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages to the fullest extent of the law against Defendants and demands trials by jury on all issues so triable.

PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain

and suffering on all claims allowed by law in an amount in excess of $100,000.00;

b. economic losses on all claims allowed by law;

c. special damages in an amount to be determined at trial;

d. punitive damages on all claims allowed by law against Defendant and in an amount in excess of $100,000.00;

e. pre- and post-judgment interest at the lawful rate;

f. any further attorneys' fees and the costs associated with this action under 42 U.S.C.§ 1988, including expert witness fees, on all claims allowed by law; and

g. relief that this court deems just and proper, and any other appropriate relief a law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date: August 25, 2025.

Respectfully submitted,

        /s/ Crystal R. Carey
        Crystal R. Carey, Esq.
        Georgia Bar No.808839

Law Offices of Harry M. Daniels
4751 Best Road, Suite 490
Atlanta, GA 30337
(Tel) 678-664-8529
(Fax) 800-867-5248
carey@harrymdaniels.com

        /s/ Harry M. Daniels
        Harry M. Daniels, Esq.
        Georgia Bar No. 234158

Law Offices of Harry M. Daniels
4751 Best Road, Suite 490
Atlanta, GA 30337
(Tel) 678-664-8529
(Fax) 800-867-5248
daniels@harrymdaniels.com